UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSEPHINE ROLLERI,

Plaintiff,

-against-

**ORDER**
21-cv-4365 (AYS)

FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,

Defendant.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

Plaintiff Josephine Rolleri ("Plaintiff") commenced this action against Defendant Frank Bisignano[1], Commissioner of Social Security ("Defendant"), alleging that Defendant erroneously denied her application for Social Security Disability benefits under the Social Security Act, 42 U.S.C. §§ 301 et seq. (See generally Compl., Docket Entry ("DE") [1].) Following briefing, the Court remanded the matter to permit the Administrative Law Judge ("ALJ") to properly weigh the medical opinion evidence in accordance with Social Security Regulations. Following remand, a fully favorable ALJ decision was issued finding the Plaintiff disabled and awarding benefits. Before the Court is Plaintiff's counsel, Pierre Pierre Law, P.C.'s ("Pierre Law") motion for attorney fees, pursuant to 42 U.S.C. § 406(b). (Pierre's Mot., DE [34].) Defendant takes no position on the amount of the award. (Def.'s Resp., DE [37].) For the reasons set forth below, the motion is granted.

## BACKGROUND

### A. Procedural History

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) if the Federal Rules of Civil procedure, Frank Bisignano is substituted as the defendant in this action.

As alleged in the Complaint, (Compl., DE [1]), Plaintiff was disabled and has been unable to work from June 28, 2018 through the present. (See id. ¶ 5.) On September 3, 2019, Plaintiff filed an application for Social Security Disability benefits, which an administrative law judge ("ALJ") denied on November 4, 2021. (Id. ¶¶ 6, 8.) Plaintiff timely requested a review of the ALJ's decision with the Appeals Council of the SSA. (Id. ¶ 9.) On June 10, 2021, the Appeals Council upheld the ALJ's decision. (Id. ¶ 10.)

On July 26, 2021, Plaintiff retained Pierre Law to represent her in federal court to appeal the denial of benefits and during any subsequent proceedings if the court remanded the case. (Affirmation of Eddy Pierre Pierre ("Pierre Aff."), Ex. A, DE [36-1] ("Retainer Agt.").) The retainer agreement provided that if the appeal was successful and Plaintiff was awarded past-due benefits by the federal court or by the SSA after remand, Pierre Law would receive up to 25% of the past-due benefits, pursuant to 42 U.S.C. § 406, as approved by the Court under Section 406(b) or the Commissioner under Section 406(a). (Id. at 1(A).) The retainer agreement also stated that Plaintiff assigned her interest in any fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), to Pierre Law for representing her in federal court. (Id. at 1(C).) However, Plaintiff and Pierre Law agreed that the combined fees for any representation in federal court or before the SSA after remand would not exceed 25% of any retroactive benefits awarded to Plaintiff. (Id.)

Plaintiff initiated this lawsuit on August 8, 2021, alleging that the ALJ's November 4, 2021 decision, affirmed by the Appeals Council, was erroneous, unsupported by substantial evidence, and contrary to the Social Security Act. On March 25, 2024, following briefing on the parties' cross-motions, the Court granted in part the Plaintiff's Motion for Judgment on the Pleadings, vacated the ALJ's decision, and remanded the matter for further proceedings to permit

the ALJ to properly weigh the medical opinion evidence in accordance with Social Security Regulations. (DE [27].)

B. Attorney's Fees

On May 4, 2023, the Court granted the parties' stipulated request that Plaintiff should be awarded $8,400.99 in attorney fees and expenses pursuant to the EAJA. (DE [33].) The Court further ordered that those attorneys' fees should be paid directly to Pierre Law "if plaintiff agrees to assign the fees to counsel, and if plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program." (Id.)

In a Notice of Award letter dated August 24, 2025 (the "Award Letter"), the SSA notified Plaintiff that she was entitled to monthly disability benefits dating back to December 2018 and was awarded $65,356.00 in past-due benefits from December 2018 through August 2025. (Pierre Aff., Ex. C, DE [36-3].)

On September 8, 2025, Pierre Law filed the instant motion requesting attorneys' fees pursuant to 42 U.S.C. § 406(b). (Pierre Law's Mot., DE [34].)

## DISCUSSION

I. Legal Standards

"[Section 406(b) of the SSA] authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A) and citing Gisbrecht v. Barnhart, 535 U.S. 789, 807–08 (2002)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement,

and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) ("Wells II").

Procedurally, "[m]otions for attorneys' fees under [Section 406(b)] must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure." Miller v. Comm'r of Soc. Sec., No. 20-CV-5214 (PKC), 2023 WL 5002789, at *2 (E.D.N.Y. Aug. 4, 2023) (citing Sinkler, 932 F.3d at 91). "Where ... a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award." Sinkler, 932 F.3d at 85.

Substantively, when reviewing Section 406(b) attorneys' fees when a claimant retained counsel pursuant to a contingency agreement, courts determine: (1) whether the requested amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Wells II, 907 F.2d at 372. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022). Instead, in evaluating whether "a relatively high hourly rate" is a windfall "in the context of any given case," courts should assess: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant, including representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

Additionally, when an attorney seeking a fee award pursuant to Section 406(b) also is awarded fees under the EAJA, "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796; see also Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Wells I") ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [plaintiff's counsel] to return the lesser of either that amount or the EAJA award to his clients.").

II. Timeliness

As a threshold matter, the Court finds that Pierre Law's motion is timely. "Once counsel receives notice of the benefits award—and, therefore, the maximum [attorneys'] fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing[.]" Sinkler, 932 F.3d at 88. The Award Letter informing Plaintiff of the award is dated August 24, 2025. (Pierre Aff., Ex. C.) Defendant does not dispute the motion's timeliness. (See generally Def.'s Resp., DE [37].) Because Pierre Law filed the motion on September 8, 2025, the motion is timely.

III. Reasonableness

The Motion establishes a sufficient basis to approve the requested attorneys' fees under Section 406(b) of the SSA as a result of counsel's successful and efficient representation of Plaintiff resulting in the Award.

Pierre Law seeks $16,339.00 in attorneys' fees, which is 25% of the past-due benefits that the Administration awarded Plaintiff. The 25% contingency fee results from an arrangement agreed to by Plaintiff and her counsel. Plaintiff's counsel notes that attorneys at his firm spent a total of 40.79 attorney hours on the matter before this Court. (See Pierre Aff. ¶¶ 12, 15; see also Pierre Aff., Ex. B, DE [36-2].) Awarding Plaintiff's counsel the total amount sought would result

in a *de facto* hourly rate of $400.56 for attorney time. This hourly rate is within the range of what courts have generally considered to be reasonable in a case with experienced counsel who provided quality and efficient representation. See Fields,24 F.4th at 856 (approving *de facto* rate of $1,556.98 as reasonable); Kristen E. H. v. Comm'r of Soc. Sec., No. 6:21-CV-962, 2023 WL 122612, at *3 (N.D.N.Y. Jan. 6, 2023) (approving a $1,197 *de facto* hourly rate and collecting cases approving comparable or higher rates). Indeed, Plaintiff's counsel "has extensive experience practicing social security law and representing claimants before the Social Security Administration and in the United States District Court." Osborne v. Comm'r of Soc. Sec., No. 6:11-cv-553, 2014 WL 701893, at *2 (N.D.N.Y. Feb. 24, 2014) (referring to Plaintiff's counsel). Therefore, the Court finds that the requested amount is reasonable.

Accordingly, Plaintiff's motions for attorneys' fees pursuant to 42 U.S.C. § 406(b), is granted.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Plaintiff's motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), in the amount of $16,339.00 is granted. The Court further ORDERS that, within seven days of receipt of the attorneys' fees, Pierre Law should refund to Plaintiff $8,400.99 for the previously awarded attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: Central Islip, New York
September 14, 2026

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge